1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARLINGTON ANSELMO HEYLIGER,          No.  2:23-cv-1899 KJN P

12                    Plaintiff,

13          v.                             ORDER

14   C/O JONES, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

20          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis is granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

27   payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

28   account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

                                            1

1  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

2  U.S.C. § 1915(b)(2).

3          As discussed below, plaintiff states potentially cognizable Eighth Amendment claims as to

4  defendants T. Jones, E. Corter, O. Beltran, and Richards, and is granted the option of proceeding

5  as to those defendants or may elect to amend in an attempt to state claims as to the remaining

6  defendants.

7   Screening Standards

8          The court is required to screen complaints brought by prisoners seeking relief against a

9  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

10  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

11  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

12  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

13          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

15  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

16  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

19  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

20  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

21  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

22  1227.

23          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

24  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

25  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

26  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

27  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

28  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

2

1  sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts

2  are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the

3  . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007)

4  (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

5  In reviewing a complaint under this standard, the court must accept as true the allegations of the

6  complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.

7  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468

8  U.S. 183 (1984).

9  The Civil Rights Act

10        To prevail on a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a

11  federal constitutional or statutory right; and (2) that the violation was committed by a person

12  acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v.

13  Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil

14  rights claim unless the facts establish the defendant's personal involvement in the constitutional

15  deprivation or a causal connection between the defendant's wrongful conduct and the alleged

16  constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v.

17  Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the

18  theory that the official is liable for the unconstitutional conduct of his or her subordinates.

19  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a

20  supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be

21  established in a number of ways, including by demonstrating that a supervisor's own culpable

22  action or inaction in the training, supervision, or control of his subordinates was a cause of

23  plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

24  Potentially Cognizable Claims

25        Claim I

26        While incarcerated at California State Prison, Sacramento, plaintiff alleges that on July 10,

27  2022, around 6:40 p.m., defendants T. Jones, E. Corter and O. Beltran used unnecessary and

28  excessive force on plaintiff while calling plaintiff derogatory anti-gay terms because plaintiff is

gay.  Plaintiff may proceed forthwith to serve defendants T. Jones, E. Corter and O. Beltran and pursue the potentially cognizable Eighth Amendment claims against them or may delay serving any defendant and attempt to state cognizable claims as to the remaining defendants.

Claim II

Plaintiff's second claim includes allegations only as to defendant Richards.  Plaintiff alleges that defendant Richards was deliberately indifferent to plaintiff's serious medical and mental health needs on July 10, 2022, around 10:30 p.m., when plaintiff informed Richards of plaintiff's injuries and emotional distress yet Richards failed to obtain treatment for plaintiff, remarking "I hope you die from your injuries fucking faggot!" (ECF No. 1 at 13.)  As a result, plaintiff's physical injuries and emotional distress were left untreated, and plaintiff was found unconscious the next day from cutting and attempting to hang himself.  (ECF No. 1 at 13.)  The undersigned finds that plaintiff states a potentially cognizable Eighth Amendment claim as to defendant Richards in plaintiff's Claim II.

Failure to State a Claim

Defendant Downey

In the first claim, plaintiff includes defendant Correctional Officer Downey, alleging that Downey committed a hate crime.  But plaintiff includes no facts demonstrating that Downey used force against plaintiff.  Indeed, plaintiff does not identify Downey's role on July 10, 2022, and does not allege Downey was present during the alleged use of force.  (ECF No. 1 at 5.)  Accordingly, these allegations fail to state a claim, but plaintiff is granted leave to amend as to defendant Downey.

Defendants Stratton and Lynch

Plaintiff includes no charging allegations as to defendants Lt. D. Stratton or Associate Warden Jeffrey Lynch and does not allege that any of these defendants were present during or after the use of force incident on July 10, 2022, or had any personal connection to or involvement therein.  Thus, plaintiff's claims as to defendants Lt. D. Stratton or Associate Warden Jeffrey Lynch are dismissed with leave to amend.

////

1

Remaining Issues in Plaintiff's Claim II

2    Plaintiff also alleges that defendant Richards' subsequent actions on July 22, 2022, were

3    motivated to cover up the acts of defendants T. Jones, E. Corter, and O. Beltran.  (ECF No. 1 at

4    13.)  To the extent plaintiff attempts to raise a separate cover-up claim, such claim is premature.

5    Allegations that officials engaged in a cover-up state a constitutional claim only if the cover-up

6    deprived a prisoner of the right of access to courts by causing the prisoner to fail to obtain redress

7    for the constitutional violation that was the subject of the cover-up.  Dell v. Espinoza, 2017 WL

8    531893, at *6-7 (E.D. Cal. Feb. 7, 2017) (citing see Karim-Panahi v. Los Angeles Police Dept.,

9    839 F.2d 621, 625 (9th Cir. 1988) (cover-up "allegations may state a federally cognizable claim

10   provided that defendants' actions can be causally connected to a failure to succeed in the present

11   lawsuit.")); Rose v. City of Los Angeles, 814 F. Supp. 878, 881 (C.D. Cal. 1993).

12   A cover-up claim is premature when, as here, plaintiff's action seeking redress for the

13   underlying constitutional violations remains pending.  See Karim-Panahi, 839 F.2d at 625 (claim

14   alleging police cover-up of misconduct was premature when action challenging misconduct was

15   pending); Rose, 814 F. Supp. at 881 ("Because the ultimate resolution of the present suit remains

16   in doubt, [p]laintiff's cover-up claim is not ripe for judicial consideration.")  Therefore, plaintiff

17   fails to state a claim against defendant Richards for an alleged cover-up.  Because such claim is

18   premature, plaintiff should not include such claim in any amended complaint.

19   Plaintiff also marked retaliation.  However, plaintiff sets forth no facts demonstrating that

20   any defendant acted or failed to act in response to plaintiff's conduct protected by the First

21   Amendment.[1]  It is unclear whether plaintiff can amend to state a potentially cognizable

22   retaliation claim, but in an abundance of caution, plaintiff is granted leave to do so.

23   ////

24

25   [1]  "Prisoners have a First Amendment right to file grievances against prison officials and to be
     free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing

26   Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the prison
     context has five elements:  "(1) An assertion that a state actor took some adverse action against an

27   inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the
     inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

28   legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

1    Plaintiff's Options

2           If plaintiff elects to attempt to amend the complaint to state a cognizable Eighth

3    Amendment claims against the remaining defendants, plaintiff has thirty days so to do.  Plaintiff

4    is not obligated to amend the complaint.

5           If plaintiff elects to proceed forthwith against defendants T. Jones, E. Corter, O. Beltran,

6    and Richards, against whom potentially cognizable Eighth Amendment claims for relief are

7    stated, then within thirty days plaintiff must so elect on the appended form.  In this event the court

8    will construe plaintiff's election as consent to dismissal of the remaining claims against the

9    remaining defendants without prejudice.

10   Leave to Amend

11          Plaintiff is advised that any amended complaint must clearly identify each defendant and

12   the action that defendant took that violated constitutional rights.  The court is not required to

13   review exhibits to determine what plaintiff's charging allegations are as to each named defendant.

14   The charging allegations must be set forth in the amended complaint so defendants have fair

15   notice of the claims plaintiff is presenting.

16          Any amended complaint must show the federal court has jurisdiction, the action is brought

17   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

18   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

19   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

20   Johnson v. Duffy, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional

21   right if he does an act, participates in another's act or omits to perform an act he is legally

22   required to do that causes the alleged deprivation).

23          A district court must construe a pro se pleading "liberally" to determine if it states a claim

24   and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give plaintiff an

25   opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are

26   not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

27   conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678 (citing Bell Atlantic Corp., 550

28   U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to

1  'state a claim to relief that is plausible on its face.'"  <u>Ashcroft</u>, 556 U.S. at 678 (quoting <u>Bell</u>

2  <u>Atlantic Corp.</u>, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

8  <u>Ashcroft</u>, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

9  can provide the framework of a complaint, they must be supported by factual allegations, and are

10  not entitled to the assumption of truth.  <u>Id.</u> at 1950.

11  An amended complaint must be complete in itself without reference to any prior pleading.

12  Local Rule 220; <u>See Ramirez v. County of San Bernardino</u>, 806 F.3d 1002, 1008 (9th Cir. 2015)

13  ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

14  existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

15  pleading is superseded.

16  Finally, plaintiff is not granted leave to add new claims or new defendants to this action.

17  Rather, plaintiff is granted leave to amend solely as to plaintiff's Eighth Amendment claims

18  arising on July 10, 2022, at California State Prison, Sacramento.

19  Accordingly, IT IS HEREBY ORDERED that:

20  1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

21  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

22  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

23  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

24  Director of the California Department of Corrections and Rehabilitation filed concurrently

25  herewith.

26  3.  The remaining claims against defendants Downey, Richards, Stratton and Lynch are

27  dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may amend

28  ////

1   his complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not

2   required to amend the complaint.

3       4.  The allegations in the pleading are sufficient to state potentially cognizable Eighth

4   Amendment claims against defendants T. Jones, E. Corter, and O. Beltran (Claim I), and

5   defendant Richards (Claim II).  <u>See</u> 28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as

6   to such Eighth Amendment claims, plaintiff shall so indicate on the attached form and return it to

7   the court within thirty days from the date of this order.  In this event, the court will construe

8   plaintiff's election to proceed forthwith as consent to an order dismissing defendants Downey,

9   Stratton and Lynch, as well as the defective claims alleged in Claim II as to defendant Richards

10  without prejudice.

11      5.  Failure to comply with this order will result in a recommendation that defendants

12  Downey, Stratton and Lynch and the defective claims as to defendant Richards alleged in Claim

13  II be dismissed without prejudice, and this action will proceed solely on plaintiff's Eighth

14  Amendment claims against defendants T. Jones, E. Corter, and O. Beltran (Claim I), and

15  defendant Richards (Claim II).

16  Dated:  October 17, 2023

17

18  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

19

20  /heyl1899.14o

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARLINGTON ANSELMO HEYLIGER,              No.  2:23-cv-1899 KJN P

12                     Plaintiff,

13          v.                                NOTICE OF ELECTION

14   C/O JONES, et al.,

15                     Defendants.

16

17          Plaintiff elects to proceed as follows:

18   _____      Plaintiff opts to proceed with the Eighth Amendment claims against T.
             Jones, E. Corter, O. Beltran (Claim I), and Richards (Claim II)].
19

20   _____      Plaintiff consents to dismissal of the remaining claims against defendants
             Downey, Stratton and Lynch and the defective claims against defendant
21           Richards (Claim II) without prejudice.

22   **OR**

23   _____      Plaintiff opts to file an amended complaint and delay service of process.
             The proposed amended complaint is attached.
24

25   DATED:

26                                    _____
                                      Plaintiff
27

28

                                         1