UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLINGTON ANSELMO HEYLIGAR,<br><br>Plaintiff,<br><br>v.<br><br>JONES, et al.,<br><br>Defendant. | No. 2:23-cv-1899 CSK P<br><br><br><br>ORDER |

I.   Introduction

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Defendants filed an ex parte application for a first extension of time to complete discovery and file a dispositive motion. Defendants request that the deadlines be extended by ninety days.

As discussed below, the Court requires further briefing on defendants' application.

II.   Background

Plaintiff, who identifies as transgender, filed this action on September 5, 2023. (ECF No. 1.) This action proceeds on plaintiff's claims that on July 10, 2022, defendants T. Jones, E. Corter, and O. Beltran used excessive force (Claim I), and defendant Richards was deliberately indifferent to plaintiff's serious medical and mental health needs (Claim II), all in violation of the Eighth Amendment. (ECF No. 1.)

///

III.   Governing Standards

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

IV.   Discussion

Defendants seek a lengthy extension of the deadlines set in the Court's May 28, 2024 Discovery and Scheduling Order, essentially requesting that the Court restart the clock.  While counsel for defendants states that she has investigated plaintiff's claims, evaluated the case for a potential settlement, and prepared written discovery, she avers that responsibilities in her other cases have "impeded her ability to serve discovery and prepare a dispositive motion in this case." (ECF No. 24 at 3.)  Counsel did not identify what additional discovery needs to be done.  Indeed, it is unclear whether counsel has served any discovery in this case.  Thus, the Court is unable to evaluate whether defendants have been diligent.

In addition, counsel claims that "in the coming weeks this case will be assigned to a different attorney." (ECF No. 24 at 6 ¶ 8.)  Because the case has not yet been reassigned, the Court is unable to determine how long that process might take and whether newly assigned counsel might then seek additional time to meet newly extended deadlines.

On the other hand, it is also unclear whether plaintiff has engaged in discovery, and plaintiff has not had an opportunity to address defendants' application.

Therefore, plaintiff is granted an opportunity to respond to defendants' application and shall address whether or not plaintiff has conducted discovery to date.  Defendants are granted fourteen days thereafter to file a reply.

Accordingly, IT IS HEREBY ORDERED that:

1. Within seven days from the date of this order, defendants shall file a supplemental

   brief identifying what discovery they have taken to date and when such discovery was served, approximately when new defense counsel will be assigned to the case, whether new counsel intends to conduct any additional discovery, and if so, what additional discovery new defense counsel intends to take;

2. Within fourteen days from the date when defendants file their supplemental brief, plaintiff shall file an opposition or statement of non-opposition to defendants' request for an extension of time, and also identify what discovery plaintiff has taken to date and when such discovery was served; and

3. Within fourteen days from the date when plaintiff files an opposition or statement of non-opposition, defendants may file a reply.

Dated:  August 2, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/heyl1899.16b.fb

3