UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLINGTON ANSELMO HEYLIGAR,<br><br>Plaintiff,<br><br>v.<br><br>JONES, et al.,<br><br>Defendant. | No.  2:23-cv-1899 CSK P<br><br>ORDER AND REVISED SCHEDULING ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  Defendants filed an ex parte application for a first extension of time to complete discovery and file a dispositive motion.  Defendants initially requested that the deadlines be extended by ninety days, but subsequently amended their request to seek sixty days.  After further briefing from the parties, the Court grants defendants' request for a sixty day extension of the discovery and pretrial motions deadlines.

I.     BACKGROUND

Plaintiff, who identifies as transgender, filed this action on September 5, 2023.  (ECF No. 1.)  This action proceeds on plaintiff's claims that on July 10, 2022, defendants T. Jones, E. Corter, and O. Beltran used excessive force (Claim I), and defendant Richards was deliberately indifferent to plaintiff's serious medical and mental health needs (Claim II), all in violation of the Eighth Amendment.  (ECF No. 1.)

On May 28, 2024, the Court issued a Discovery and Scheduling Order, setting the discovery deadline for September 20, 2024, and the pretrial motions deadline for December 13, 2024.  (ECF No. 23.)

On July 31, 2024, defendants filed an ex parte motion to extend the deadlines by ninety days.  (ECF No. 24.)  On August 2, 2024, the Court issued a further briefing order.  (ECF No. 25.)

On August 9, 2024, new counsel for defendants, a Supervising Deputy Attorney General, filed a Notice of Appearance.  (ECF No. 26.)  That same day, new counsel for defendants filed a supplemental brief regarding the application for extension of time.  (ECF No. 27.)  Defendants state that while prior counsel had drafted interrogatories and requests for production of documents, such written discovery was not served because the July 22, 2024 deadline to serve written discovery had expired.  (ECF No. 27 at 2.)  Defendants now state that only an additional sixty day extension is required to complete discovery and prepare a dispositive motion, rather than the ninety days previously sought.  (Id. at 3.)  Defendants ask the Court to extend the discovery deadline to November 19, 2024, and the dispositive motions deadline to February 11, 2025.  (Id.)

Plaintiff filed an opposition to defendants' motion on August 14, 2024.  (ECF No. 29.)  Plaintiff claims she opposes defendants' motion, but plaintiff does not address defendants' motion or address whether she has engaged in discovery.  (Id.)  Rather, plaintiff focuses on her current conditions of confinement, expressing concern for her safety and missing property, but confirms she filed an emergency administrative appeal, has been assigned to a higher level of mental health care, and requests an immediate settlement conference.  (Id. at 2.)

On August 14, 2024, a different Deputy Attorney General filed a Notice of Change of Designation of Counsel for Service.  (ECF No. 28.)  On August 20, 2024, defendants' different counsel filed a reply.  (ECF No. 30.)  Defendants point out that plaintiff "focuses on recent unrelated events which are not the subject of this lawsuit."  (Id. at 2.)  Defendants argues that plaintiff did not dispute that good cause exists to support defendants' motion or argue that she will be prejudiced by the delay.  (Id. at 2.)  Defendants contend that they will be prejudiced if

their first request to modify the scheduling deadlines is denied, and state that "due to unpredictable circumstances, a new counsel has been assigned and endeavors to diligently defend the case." (Id. at 2.) "Defendants appreciate the Court's consideration of their application to extend the current discovery and dispositive deadlines," and now that new counsel has been assigned, reiterate their request that the deadlines be extended by sixty days: November 19, 2024 for the discovery deadline and February 11, 2025, for the dispositive motions deadline. (Id. at 3.)

II.     GOVERNING STANDARDS

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

III.    DISCUSSION

Considering the parties' further briefing, as well as the reduction in the time requested by defendants, the Court finds good cause to modify the scheduling order by extending the deadlines. New defense counsel has been assigned which supports defendants' first motion to extend the discovery and pretrial motions deadline. That said, the Court is not inclined to extend such deadlines in the future. The parties should propound their written discovery forthwith.

As noted by defendants, plaintiff's claims concerning issues with her current conditions of confinement are not related to the July 10, 2022 incident at issue herein. Defendants did not address plaintiff's request for a settlement conference. However, the Court granted defendants' earlier request to opt out of the early settlement project. (ECF No. 21.) In addition, because defendants' counsel anticipates filing a dispositive motion, scheduling a settlement conference at this juncture is premature. Plaintiff may renew her request for a settlement conference following resolution of dispositive motions, if appropriate.

///

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for extension of time to complete discovery and file a dispositive motion (ECF No. 24), as modified on August 9, 2024 (ECF No. 27), is granted.
2. The discovery deadline is continued to November 19, 2024.
3. The pretrial motions deadline is continued to February 11, 2025.
4. In all other respects, the Discovery and Scheduling Order (ECF No. 23) remains in effect.
5. Plaintiff's request for settlement conference (ECF No. 29) is denied without prejudice.

Dated:  August 27, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/heyl1899.16b